Gayle M. Blatt (122048)
*gmb@cglaw.com*
Mark Ankcorn (166871)
*mark@cglaw.com*
Jason C. Evans (272932)
*jevans@cglaw.com*
Kyle W. Nageotte (285599)
*kyle@cglaw.com*
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT & PENFIELD LLP**
110 Laurel Street
San Diego, California 92101
(619) 238-1811 phone
(619) 544-9232 fax

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jacqueline Selby**, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>                v.<br><br>**LVNV Funding, LLC**; **Sherman Financial Group, LLC; Resurgent Capital Services, LP,**<br><br>        Defendants. | Case No.  **'13 CV 1383 CAB BLM**<br><br><br>**Complaint**<br><br>Class Action<br><br>Jury Trial Demanded |

        Plaintiff Jacqueline Selby ("Plaintiff"), individually and on behalf of all others similarly situated, makes the following allegations and claims against LVNV Funding, LLC, Sherman Financial Group, LLC, and Resurgent Capital

Complaint—1

Services, LP, ("Defendants"), upon personal knowledge, investigation of her counsel, and on information and belief.

1. This action seeks redress for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. This Court has jurisdiction to grant the relief sought by Plaintiff pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. § 1331.

3. Venue is proper in this district as Plaintiff resides in San Diego County and the actions which give rise to this Complaint occurred in this district.

**Parties**

4. Plaintiff Jacqueline Selby is a natural person who resides in San Diego County, California, and within the Southern District of California. Plaintiff is the account holder of a cellular telephone number and pursuant to the terms of her contract is charged for each call within the meaning of 47 U.S.C. § 227(b)(1)(A)(iii).

5. Defendant LVNV Funding, LLC ("LVNV") is a limited liability company organized under the laws of the State of Delaware. LVNV purchases default and distressed debt and hires debt collectors to make phone calls and send letters to consumers in an effort to collect on those purchased debts.

6. Defendant Sherman Financial Group, LLC ("Sherman") originates, purchases, and services consumer debt in the United States and Mexico. It engages in the direct origination of consumer loans; investment in performing and non-performing consumer debt originated by financial institutions, credit card companies, and retailers; and servicing of consumer assets. Sherman services debt owned by Defendant LVNV and acts as its agent.

7. Defendant Resurgent Capital Services, LP ("Resurgent") manages and services domestic and international consumer debt portfolios for credit grantors and debt buyers.

Complaint—2

**<u>Facts</u>**

8.      Directly as well as through its subsidiaries, contractors and agents, Defendants employ hundreds of persons at various call centers throughout the country and overseas.  These calling centers use automatic telephone dialing systems and computerized account information to track, record, and maintain the millions of accounts serviced by Defendants.

9.      The three defendant entities are all part of a joint business enterprise: Defendant Sherman is the parent company of Defendants Resurgent and LVNV. Defendant Sherman acts as attorneys in fact for Defendant LVNV because Defendant LVNV has no employees.  Defendant Sherman is the general partner of the Resurgent limited partnership and Defendants Sherman and Resurgent have sole management and control of LVNV's assets and activities.

10.      Together with other entities that are part of the Sherman Financial family of affiliates and subsidiaries, Defendants' regular business practices include making repeated phone calls to persons it believes responsible for paying past-due accounts.

11.      On or before April 30, 2013, Defendants began calling Plaintiff on her cellular telephone using an automatic telephone dialing system.  At no time did Plaintiff give her consent for Defendants to place such calls to her.

12.      Between April 30, 2013 and May 24, 2013, inclusive, Defendants placed more than thirty calls at different times to Plaintiff's cellular telephone.

13.      Each of the calls placed by Defendants were made by means of an automatic telephone dialing system as defined by the Federal Communications Commission.

14.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing and debt collection practices. The TCPA regulates, *inter alia*, the use of automated dialing systems. Specifically, section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any

Complaint—3

1  call to a wireless number in the absence of an emergency or the prior express

2  consent of the called party.

3      15.    According to findings by the Federal Communication Commission

4  ("FCC"), the agency Congress vested with authority to issue regulations

5  implementing the TCPA, such calls are prohibited because, as Congress found,

6  automated or prerecorded telephone calls are a greater nuisance and invasion of

7  privacy than live solicitation calls, and such calls can be costly and inconvenient.

8  The FCC also recognized that wireless customers are charged for incoming calls

9  whether they pay in advance or after the minutes are used. *Rules and Regulations*

10  *Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-

11  278, Report and Order, 18 FCC Rcd 14014 (2003).

12      16.    On January 4, 2008, the FCC issued a Declaratory Ruling confirming

13  that autodialed and prerecorded message calls to a wireless number by a creditor or

14  on behalf of a creditor are permitted only if the calls are made with the "prior

15  express consent" of the called party. *In the Matter of Rules and Regulations*

16  *Implementing the Telephone Consumer Protection Act of 1991* ("FCC Declaratory

17  Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F)

18  877, 2008 WL65485 (F.C.C.) (2008).

19      17.    The FCC "emphasize[d] that prior express consent is deemed to be

20  granted only if the wireless number was provided by the consumer to the creditor,

21  and that such number was provided during the transaction that resulted in the debt

22  owed." *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶10); *see also Meyer v.*

23  *Portfolio Recovery Associates, LLC*, 2012 WL 4840814 at *3 (9th Cir., Oct. 12,

24  2012) ("[C]onsumers who provided their cellular telephone numbers to creditors

25  after the time of the original transaction are not deemed to have consented to be

26  contacted at those numbers for purposes of the TCPA.")

27      18.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory

28  Ruling, the burden is on Defendant to demonstrate that Plaintiff gave her express

Complaint—4

consent to Defendant to use an autodialer to call her cell phone within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

19.     Plaintiff never listed her cellular telephone number in or on any documents during the transaction that resulted in the debt allegedly owed to LVNV, nor did she subsequently give her express consent to receive calls on her cellular telephone.  In fact, Defendants are strangers to Plaintiff in that she has never engaged in any communications or business transactions with them.  None of the Defendants were parties to or affiliated with the original creditor, which Plaintiff believes to be non-party Chase Bank USA, N.A. ("Chase").

20.     On or about November 1, 2012, Plaintiff received a letter from non-party Allied Interstate LLC.  This letter informed Plaintiff that Chase had sold the debt to LVNV, which in turn had "placed" the account with Allied Interstate LLC "to recover the above referenced Amount Due," which it claimed was $30,194.20 (thirty thousand one hundred and ninety-four dollars and twenty cents).

21.     Allied Interstate's letter contained this disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it."

22.     Nevertheless, Defendants placed at least 30 calls to Plaintiff's cellular telephone using an automatic telephone dialing system.

23.     Defendants or persons acting on their behalf acted willfully or knowingly or both in calling numbers using an autodialer without regard to the TCPA or whether the number was assigned to a cellular telephone.

24.     As the principal and attorney in fact for LVNV, and as the entity responsible for selecting and managing LVNV's servicers and agents, Defendant Sherman is equally liable for each call placed on behalf of debts owned by LVNV regardless of whether such calls were placed by a servicer, debt collector or other agent, contractor or affiliated person.

Complaint—5

25.     Similarly, Defendant Resurgent is liable in this action for calls it (or any agent working on its behalf including non-party Allied Interstate) placed to cellular telephone subscribers without their express consent on behalf of any principal, even where the calls were not placed on behalf of a debt owned by LVNV or Sherman.  As the general partner of the Resurgent limited partnership, Defendant Sherman is responsible for all acts of the limited partnership, whether directly or indirectly.

26.     In calling Plaintiff on her cellular telephone line dozens of times at multiple times per day, Defendants violated 47 U.S.C. § 227(b).

## Class Action Allegations

27.     Plaintiff brings her class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and on behalf of all others similarly situated.

28.     The proposed Class that Plaintiff seeks to represent is defined as follows:

> All persons within the United States who, within four (4) years of the filing of this complaint, received an non-emergency telephone call from Defendants to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

29.     Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class.  Excluded from the Class are Defendants and any entities in which Defendants or their subsidiaries or affiliates have a controlling interest, Defendants' agents and employees, the judicial officer to whom this action is assigned and any member of the court staff and immediate family, and claims for personal injury, wrongful death, and emotional distress.

30.     Plaintiff does not know the exact number of members in the Class, but based upon Defendants' public statements regarding their business in the United

Complaint—6

States, Plaintiff reasonably believes that Class members number at minimum in the tens of thousands.  The Class size includes consumers who are borrowers on a consumer loan serviced or co-serviced by Defendants, as well as persons who co-signed for such debts; other consumer and business loans serviced by Defendants or their affiliates; persons who received telemarketing solicitations and other notices from Defendants, whether by means of a voice call or text message; and all other persons whom Defendants or their affiliates, agents, contractors, or employees dialed (or mis-dialed).

31.     There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including, whether Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, in violation of the TCPA.

32.     Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.

33.     Plaintiff will fairly and adequately protect the interests of the Class, and has retained attorneys experienced in class and complex litigation.

34.     A class action is superior to all other available methods for the fair and efficient adjudication of the controversy for the following reasons:

  a.  It is economically impractical for members of the Class to prosecute individual actions;

  b.  The Class is readily definable; and

  c.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

Complaint—7

35.     A class action will cause an orderly and expeditious administration of the claims of the Class.  Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

36.     Class wide relief is essential to compel Defendants to comply with the TCPA.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

37.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with the respect to the Class as a whole appropriate.  Moreover, the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## First Claim for Relief

38.     Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

39.     The foregoing act and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

40.     As a result of Defendants' negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every call placed in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

1        41.    Plaintiff and all Class members are also entitled to and do seek

2  injunctive relief prohibiting such negligent conduct that violates the TCPA by

3  Defendants in the future.

4        ///

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint—9

## **Second Claim for Relief**

42.    Plaintiff re-alleges and incorporate by reference the above paragraphs as though set forth fully herein.

43.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing or willful, or both, violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

44.    As a result of Defendants' knowing and willful violations of the TCPA, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

45.    Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting such willful conduct that violates the TCPA by Defendants in the future.

## **Jury Trial Demand**

46.    Plaintiff demands a jury trial on each of the causes of action set forth above, including the amount of statutory damages.

///

Complaint—10

**Prayers for Relief**

**Wherefore**, Plaintiff respectfully prays that judgment be entered against Defendants LVNV Funding, LLC, Resurgent Capital Services, LP, and Sherman Financial Group, LLC, for the following:

1. An injunction against the calling of cellular telephones by Defendants and their contractors, agents and employees, except where the cellular telephone subscriber has provided prior express consent to the calls;

2. Damages pursuant to 47 U.S.C. § 227(b)(3);

3. Costs of litigation and reasonable attorneys' fees;

4. Such other and further relief as the Court may deem just and proper.

Dated:     June 13, 2013                                    CASEY GERRY SCHENK FRANCAVILLA
                                                                        BLATT & PENFIELD LLP

                                                                        */s/ Mark Ankcorn*
                                                                        Attorneys for Plaintiffs
                                                                        E-mail: mark@cglaw.com

Complaint—11