Jeffrey D. Skinner (SBN 239214)
*jskinner@goodwinprocter.com*
**GOODWIN PROCTER** LLP
901 New York Avenue NW
Washington, DC  20001
Tel.:  202.346.4000
Fax.: 202.346.4444

Attorneys for Defendant
Resurgent Capital Services, LP, LVNV
Funding, LLC, and Sherman Financial
Group, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

| | |
|---|---|
| JACQUELINE SELBY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC; SHERMAN FINANCIAL GROUP, LLC; RESURGENT CAPITAL SERVICES, LP,<br><br>Defendants. | Case No. 3:13-cv-01383-CAB-BLM<br><br>**LVNV FUNDING, LLC'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Courtroom: 4C |

Defendant LVNV Funding, LLC ("LVNV") hereby provides its answers and other responses to the Class Action Complaint ("Complaint") filed by plaintiff Jacqueline Selby.  LVNV's responses are made without waiving, and expressly reserving, all rights LVNV has to file dispositive motions addressed to some or all of the claims asserted in the Complaint.  Except as expressly admitted herein, each and every allegation in the Complaint is denied.

1.      Paragraph 1 of the Complaint contains only conclusions of law and statements that are otherwise introductory and conclusory in nature, and therefore require no response.  To the extent a response is required, LVNV states only that Plaintiff purports to bring this action as alleged.  LVNV denies all other allegations contained in Paragraph 1, and specifically denies that any class should be certified.

2.      Paragraph 2 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV states only that jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3.      Paragraph 3 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV states that it has no knowledge or information sufficient to form a belief as to Plaintiff's citizenship or residence.  LVNV denies all other allegations contained in Paragraph 3.

## PARTIES

4.      LVNV states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4, and therefore denies them.

5.      LVNV admits that it is a limited liability company organized under the laws of Delaware and that its business involves the purchase and liquidation of past-due accounts.  All remaining allegations are denied.

6.      LVNV states that Sherman Financial Group, LLC ("Sherman") is a limited liability company, and its business involves the origination, purchase, and

**DEFENDANT LVNV FUNDING, LLC'S ANSWER**
**Case No. 3:13-cv-01383-CAB-BLM**

servicing of performing and non-performing accounts.  All remaining allegations are denied.

7.      In response to Paragraph 7, LVNV states that Resurgent Capital Services, LP ("Resurgent") acts as an agent on behalf of entities to assist in the collection and management of performing and non-performing accounts.  All remaining allegations are denied.

## FACTS

8.      In response to the allegations in the first sentence in Paragraph 8, LVNV admits only that Resurgent and Sherman employ individuals in numerous locations.  The allegations in the second sentence of Paragraph 8 contain conclusions of law to which no response is required.  To the extent a response is required, LVNV denies the allegations contained in the second sentence of Paragraph 8.  All remaining allegations in this paragraph are denied.

9.      Paragraph 9 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV states that Resurgent, LVNV, and Sherman are affiliates, and that Resurgent often acts as the agent of Sherman and/or LVNV.  LVNV denies all other allegations contained in Paragraph 9.

10.     In response to the allegations in Paragraph 10, LVNV states that its business involves the purchase and liquidation of past-due accounts.  LVNV denies all other allegations contained in Paragraph 10.

11.     LVNV denies the allegations contained in Paragraph 11.

12.     LVNV denies the allegations contained in Paragraph 12.

13.     LVNV denies the allegations contained in Paragraph 13.

14.     Paragraph 14 contains introductory statements and conclusions of law to which no response is required.  To the extent a response is necessary, LVNV states that the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") speaks for itself.  LVNV denies all allegations inconsistent with the TCPA.

- 3 -

15.     Paragraph 15 contains introductory statements and conclusions of law to which no response is required.  To the extent a response is necessary, LVNV states that the FCC Report and Order speaks for itself.  LVNV denies all allegations inconsistent with the FCC Report and Order.

16.     Paragraph 16 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV states that the FCC Declaratory Ruling speaks for itself.  LVNV denies all allegations inconsistent with the FCC Declaratory Ruling.

17.     Paragraph 17 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV states that the FCC Declaratory Ruling speaks for itself and denies all allegations inconsistent with the FCC Declaratory Ruling.

18.     Paragraph 18 contains conclusions of law to which no response is required.  To the extent a response is required, LVNV states that the TCPA and the FCC's Declaratory Ruling speak for themselves and LVNV denies all inconsistent allegations.  LVNV denies that it has the burden of proving consent.

19.     In response to the first sentence of Paragraph 19, LVNV states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies them.  In response to the second sentence of Paragraph 19, LVNV admits it was not the original creditor.  All remaining allegations in this paragraph are denied.

20.     In response to Paragraph 20, LVNV states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations concerning a letter Plaintiff claims to have received from non-party Allied Interstate LLC, and that the letter (if proven) will speak for itself.  All remaining allegations in this paragraph are denied.

21.     In response to Paragraph 21, LVNV states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations concerning a

- 4 -

**DEFENDANT LVNV FUNDING, LLC'S ANSWER**
**Case No. 3:13-cv-01383-CAB-BLM**

letter Plaintiff claims to have received from non-party Allied Interstate LLC, and that the letter (if proven) will speak for itself.  All remaining allegations in this paragraph are denied.

22.     LVNV denies the allegations contained in Paragraph 22.

23.     LVNV denies the allegations contained in Paragraph 23.

24.     LVNV denies the allegations contained in Paragraph 24.

25.     LVNV denies the allegations contained in Paragraph 25.

26.     LVNV denies the allegations contained in Paragraph 26.

## CLASS ALLEGATIONS

27.     In response to Paragraph 27, LVNV admits only that Plaintiff purports to assert claims on behalf of a putative class.  LVNV denies all other allegations contained in Paragraph 27, and specifically denies that any class should be certified.

28.     In response to Paragraph 28, LVNV admits only that Plaintiff purports to assert claims on behalf of a putative class.  LVNV denies all other allegations contained in Paragraph 28, and specifically denies that any class should be certified.

29.     LVNV denies the allegations contained in Paragraph 29, including but not limited to the fact that Plaintiff "represents" any putative class, and specifically denies that any class should be certified.

30.     LVNV denies the allegations contained in Paragraph 30, and specifically denies that any class should be certified.

31.     Paragraph 31 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV denies the allegations contained in Paragraph 31, and specifically denies that any class should be certified.

32.     Paragraph 32 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV denies the allegations contained in Paragraph 32, and specifically denies that any class should be certified.

**DEFENDANT LVNV FUNDING, LLC'S ANSWER**
**Case No. 3:13-cv-01383-CAB-BLM**

33.    Paragraph 33 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV denies the allegations contained in the first clause of Paragraph 33.  In response to the second clause of Paragraph 33, LVNV states that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained therein regarding Plaintiff's counsel.  LVNV specifically denies that any class should be certified.

34.    Paragraph 34 contains conclusions of law to which no response is required.  To the extent a response is necessary, LVNV denies the allegations contained in Paragraph 34, including all subparts, and specifically denies that any class should be certified.

35.    LVNV denies the allegations contained in Paragraph 35, and specifically denies that any class should be certified.

36.    LVNV denies the allegations contained in Paragraph 36, and specifically denies that any class should be certified.

37.    LVNV denies the allegations contained in Paragraph 37, and specifically denies that any class should be certified.

## FIRST CLAIM FOR RELIEF

38.    LVNV hereby incorporates by reference its answers and responses to the allegations contained in Paragraphs 1-37, as if fully set forth herein.

39.    LVNV denies the allegations contained in Paragraph 39.

40.    LVNV denies the allegations contained in Paragraph 40, and specifically denies that any class should be certified.

41.    LVNV denies the allegations contained in Paragraph 41, and specifically denies that any class should be certified.

## SECOND CLAIM FOR RELIEF

42.    LVNV hereby incorporates by reference its answers and responses to the allegations contained in Paragraphs 1-41, as if fully set forth herein.

43.    LVNV denies the allegations contained in Paragraph 43.

**DEFENDANT LVNV FUNDING, LLC'S ANSWER**
**Case No. 3:13-cv-01383-CAB-BLM**

44.     LVNV denies the allegations contained in Paragraph 44, and specifically denies that any class should be certified.

45.     LVNV denies the allegations contained in Paragraph 45, and specifically denies that any class should be certified.

### JURY TRIAL DEMAND

46.     Paragraph 46 contains no factual allegations and so no response is required.  To the extent a response is required, LVNV admits only that Plaintiff purports to demand a jury trial.

### PRAYER FOR RELIEF

In response to the unnumbered paragraphs under the heading "Prayers for Relief," LVNV denies that Plaintiff is entitled to any relief, including but not limited to, the relief sought in the sub-sections contained therein, and specifically denies that any class should be certified.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint is subject to arbitration, on information and belief, and so the lawsuit must be dismissed or stayed in favor of arbitration.

### THIRD DEFENSE

Plaintiff lacks standing to assert the claims, in whole or in part.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by estoppel.

### FIFTH DEFENSE

Plaintiff lacks standing to pursue the claims for injunctive relief because there is no risk of future injury.

- 7 -

**SIXTH DEFENSE**

Recovery on Plaintiff's claims are barred or limited by all defenses, statutory or otherwise, including, but not limited to, the fact that LVNV did not place any of the subject telephone calls; LVNV or others did not use an "automatic telephone dialing system" to make any telephone calls; the fact that Plaintiff was not the intended recipient of the calls; the fact that Plaintiff was not the sole subscriber to the telephone number at issue; the fact that Plaintiff was not charged for the calls; the fact Plaintiff gave her consent; the fact that LVNV or others' alleged conduct was not intentional and resulted from bona fide error; and the fact that LVNV or others acted in good faith.

**SEVENTH DEFENSE**

Recovery is barred or limited by the doctrines of *in pari delicto* and/or unclean hands.

**EIGHTH DEFENSE**

With respect to absent class members, in the event Plaintiff is allowed to pursue class certification, LVNV reserves all affirmative defenses and claims, including, but not limited to, the defenses of lack of personal or subject matter jurisdiction; lack of standing; arbitration; prior express consent; bankruptcy; release; acquiescence; the class members initiated the communications; any damages were caused by a negligent, independent, intervening, or superseding event that LVNV was not responsible for; good faith and/or that their claims may be barred by principles of *in pari delicto* and/or unclean hands; *res judicata*; and/or collateral estoppel, claim preclusion, judgment, waiver, or similar concepts.

**NINTH DEFENSE**

The claims of Plaintiff and/or the absent putative class members' claims are barred, in whole or in part, by the applicable state statute of limitations and/or by laches.

- 8 -

**TENTH DEFENSE**

The United States Constitution bars or limits the relief requested by Plaintiff, on her behalf and on behalf of the putative class, if and to the extent the relief would unfairly subject LVNV to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on LVNV.

**ELEVENTH DEFENSE**

To the extent LVNV is responsible for the telephone calls at issue, they were made by or on behalf of third parties.  LVNV hereby pleads and relies upon all rights and defenses that arise by virtue of the status, conduct, or rights of those third parties, including the protections of banking preemption, of arbitration contracts that bar a civil lawsuit of this type, and of consents obtained, including from absent putative class members.

**TWELFTH DEFENSE**

LVNV relies on any and all defenses and limitations applicable to obligors on the relevant account, co-obligors on the relevant account, subscribers to the cellular telephone number, and co-subscribers to the cellular telephone number.

**THIRTEENTH DEFENSE**

Recovery is barred or limited by California state law.

**FOURTEENTH DEFENSE**

The claims are barred or limited by waiver, acquiescence, ratification, and similar concepts.

**FIFTEENTH DEFENSE**

Plaintiff initiated the communications with LVNV or others.

**DEFENDANT LVNV FUNDING, LLC'S ANSWER**
**Case No. 3:13-cv-01383-CAB-BLM**

1

2

### SIXTEENTH DEFENSE

3   LVNV expressly reserves its right to amend this Answer, including, but not

4   limited to, by asserting additional defenses or making additional claims for further

5   relief, as discovery in this action shall warrant, or in the event of any future change

6   in the nature or scope of this lawsuit.

7

### SEVENTEENTH DEFENSE

8   LVNV cannot be held liable because it made no telephone calls to the

9   Plaintiff and there is no derivative liability under the TCPA under the circumstances

10   alleged.

11

### EIGHTEENTH DEFENSE

12   The alleged communications were exempted by rule or order of the

13   Commission, including that there was an "established business relationship."

14

15

### NINETEENTH DEFENSE

16   The Telephone Consumer Protection Act violates LVNV's First Amendment

17   rights.

18

### TWENTIETH DEFENSE

19   Any alleged unlawful or wrongful acts of any person(s) employed by or under

20   the control of LVNV were outside the scope of his or her authority and such act(s),

21   if any, were not authorized, ratified, or condoned by LVNV, nor did LVNV know or

22   have reason to be aware of such alleged conduct.

23

### TWENTY-FIRST DEFENSE

24   Any alleged calls were made in good faith and in conformity with and in

25   reliance on administrative regulation, order, ruling, approval, interpretation,

26   administrative practice, and or enforcement policy of the FCC or other

27   governmental body.

28

- 10 -

**TWENTY-SECOND DEFENSE**

The claims of Plaintiff and/or the absent putative class members' claims are barred, in whole or in part, to the extent Plaintiff and the putative class members failed to mitigate damages or otherwise avoid harm.

**TWENTY-THIRD DEFENSE**

LVNV hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, having fully answered the Complaint, LVNV respectfully requests:

1.      that the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby; and

2.      that Defendants be awarded their costs and disbursements herein, and a reasonable attorneys' fee, to be taxed or awarded as provided by law.


Dated:  September 5, 2013                    Respectfully submitted,


By: **s/ Jeffrey D. Skinner**
Jeffrey D. Skinner
**GOODWIN PROCTER LLP**
901 New York Avenue NW
Washington, DC  20001
Tel.:  202.346.4000
Fax.: 202.346.4444

*Attorney for Defendants Resurgent Capital Services, LP, LVNV Funding, LLC, and Sherman Financial Group, LLC*

**DEFENDANT LVNV FUNDING, LLC'S ANSWER**
**Case No. 3:13-cv-01383-CAB-BLM**

**CERTIFICATE OF SERVICE**

I am a resident of the District of Columbia, over the age of eighteen years, and not a party to this action.  My business address is GOODWIN PROCTER LLP, 901 New York Avenue NW, Washington, DC  20001.  On September 3, 2013, I served the Answer of Defendant LVNV Funding, LLC upon counsel for all parties via the Court's Electronic Case Filing system.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date:  September 5, 2013        **s/ Jeffrey D. Skinner**